*HHN*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 458 |
| | ) | |
| vs. | ) | The Honorable Virginia Kendall |
| | ) | |
| RAMI JAFILAN | ) | |

## ORDER OF DETENTION PENDING TRIAL

This matter has come before the Court on the motion of the United States of America to detain defendant, Rami Jafilan, pending trial, pursuant to Title 18, United States Code, Section 3142(e), with the Court and the parties having received and reviewed the report prepared by the Pretrial Services Office, with the Court having held a hearing pursuant to Title 18, United States Code, Section 3142(f) to determine whether any condition or set of conditions will reasonably assure the appearance of defendant as required and the safety of the community, and with the Court having considering all of the factors set forth in Title 18, United States Code, Section 3142(g):

THE COURT HEREBY FINDS THAT:

1.     Defendant has been charged in a criminal complaint with armed bank robbery in violation of Title 18, United States Code, Sections 2113(a) and 924(c).

2.     Pursuant to Title 18, United States Code, Section 3142(e), the affidavit submitted in support of the criminal complaint and arrest warrant establish probable cause triggering a rebuttable presumption of detention. Alternatively, the rebuttable presumption applies under Section 3142(e)(1)-(3) because defendant was found guilty of a crime of violence within the past five years while on release pending trial.

3.    As detailed in open court on June 24, 2008, the defendant presents a significant risk of flight. Specifically:

(a)    During much of the time period between the bank robbery underlying the charge in this case and defendant's arrest several weeks later, the evidence is clear that defendant was aware that he was a suspect in the robbery, and his behavior was consistent with that of an individual evading authorities and hiding the proceeds of illegal activity.

(b)    During the time period between the alleged robbery and his arrest, defendant at least twice traveled more than a thousand miles out of this jurisdiction without any apparent reason or planning.  Less than two days after defendant was interviewed by the FBI regarding whether he was involved in the robbery, defendant and his brother suddenly left Chicago and spent nearly two weeks in California, where they stayed with an aunt.

(c)    While in California, defendant purchased a truck and a secured cash box. Defendant and a friend were subsequently pulled over in Nebraska in defendant's new truck, and Nebraska state troopers located $27,000 in cash inside a secured cash box in the truck.

(d)    Although defendant has significant ties to the Chicago area, defendant also has family ties outside the jurisdiction, including an aunt in the state of California and grandparents in the country of Jordan.

(e)    When Pretrial Services attempted a telephonic interview of defendant's mother, defendant's sister misrepresented to Pretrial Services that she was defendant's mother.

(f)     Under the proposed conditions of release, the bond co-signors would have an insufficient financial interest in ensuring defendant's appearance because they have no equity in the home proposed as security.

3.     In light of the above, defendant has failed to rebut the presumption of detention in this case, and in any event the government has demonstrated by clear and convincing evidence, pursuant to 18 U.S.C. § 3142(e), that "no condition or combination of conditions will reasonably assure the appearance of the person as required."

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 3142, that defendant Rami Jafilan is remitted to the custody of the Attorney General for confinement in a corrections facility until resolution of this case or until further order of the Court. During the period of confinement, defendant shall be kept separate, to the maximum extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that on Order of a United States Court or on request of an attorney for the government, defendant shall be delivered to a United States Marshall for the purpose of an appearance in connection with a court proceeding, trial preparation, or other compelling reason.

ENTER:

Virginia Kendall
United States Magistrate Judge

DATED:    6-30-08